IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:20-cv-4

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>　　　Plaintiff,<br><br>v.<br><br>KELLY YOUNG AND GAYLA PRICE,<br><br>　　　Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, Allstate Indemnity Company ("Plaintiff"), complaining of Defendants, Kelly Young ("Defendant Young") and Gayla Price ("Tort Plaintiff") (Plaintiff, Defendant Young and Tort Plaintiff are collectively referred to as the "Parties") and seeking a declaratory judgment, alleges and states the following:

1.　　This is a Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, in which Plaintiff seeks a determination of its rights and responsibilities under a specific policy of insurance issued to Defendant Young.

2.　　Plaintiff was, and is, a corporation duly formed and existing by virtue of the laws of the State of Illinois. At all times relevant to this Complaint, Plaintiff

was, and is, licensed to conduct business throughout the State of North Carolina, including Guilford County, North Carolina.

3. Upon information and belief, Defendant Young is, was at all relevant times, a citizen and resident of Guilford County, North Carolina.

4. Upon information and belief, Tort Plaintiff is, and was at all relevant times, a citizen and resident of Guilford County, North Carolina.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that Defendant Young and/or Tort Plaintiff reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7. Plaintiff issued a Deluxe Homeowners Policy under policy number 963601950 (the "Policy"). A true and accurate copy of the Policy (including any applicable endorsements) is expressly incorporated herein and attached hereto as **Exhibit "A."**

8. Defendant Young is a named insured on the Policy.

9. The Policy provides in part:

**DEFINITIONS**

…

**B.** In addition, certain words and phrases are defined as follows:

   **3.** **Business** includes any full- or part-time activity of any kind engaged in for economic gain, including the use of any part of any premises for such purposes.

   **8.** **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   **a.** **Bodily injury**; or

   **b.** **Property damage**.

## SECTION II – LIABILITY COVERAGES

**A.** **Coverage E – Personal Liability**

If a claim is made or suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

**1.** Pay up to our limit of liability for the damages for which an **insured** is legally liable. Damages include prejudgment interest awarded against an **insured**; and

**2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the **occurrence** has been exhausted by payment of a judgment or settlement.

## SECTION II – EXCLUSIONS

**E.** **Coverage E – Personal Liability and Coverage F – Medical Payments to Others**

Coverages **E** and **F** do not apply to the following:

**1.** **Expected or Intended Injury**

3

**Bodily Injury** or **property damage** which is intended by or which may reasonably be expected to result from the intentional acts or omissions or criminal acts or omissions of one or more **insured** persons. This exclusion applies even if:

   a. The **insured** persons lack the mental capacity to govern their own conduct;

   b. The **bodily injury** or **property damages** is of a different kind, quality or degree than intended or reasonably expected; or

   c. The **bodily injury** or **property damages** is sustained by a different person or entity than intended or reasonably expected.

This exclusions applies regardless of whether or not an insured person is actually charged with, or convicted of, a crime.

2. **Business**

   a. **Bodily injury** or **property damage** arising out of or in connection with a **business** conducted from an **insured location** or engaged in by an **insured**, whether or not the **business** is owned or operated by an **insured** or employs an **insured.**

   This Exclusion **E.2.** applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the **business.**

7. **Sexual Molestation, Corporal Punishment or Physical Or Mental Abuse**

   **Bodily injury** or **property damage** arising out of sexual molestation, corporal punishment or physical or mental abuse

10. On or about September 18, 2019, the Tort Plaintiff filed a Complaint in the United States District Court for the Middle District of North Carolina, Case No. 1:19-CV-960 (the "Lawsuit").

11. On or about September 23, 2019, the Tort Plaintiff filed an Amended Complaint in the Lawsuit.

12. A copy of the Amended Complaint filed in the Lawsuit is expressly incorporated herein and attached hereto as **Exhibit "B."**

13. The Amended Complaint alleges, among other things, that in or around November and December 2016, on multiple separate occasions, while at his work with the Greensboro News & Record, Defendant Young revealed his exposed penis to Tort Plaintiff.

14. The Amended Complaint alleges, among other things, that Defendant Young is liable for Intentional Infliction of Emotional Distress as a result of intentionally exposing his penis to Tort Plaintiff.

15. The Amended Complaint alleges, among other things, that Defendant Young is liable for Assault as a result of intentionally exposing his penis to Tort Plaintiff.

16. Upon information and belief, Defendant Young was convicted of indecent exposure as a result of intentionally exposing his penis to Tort Plaintiff.

17. The alleged acts and omissions of Defendant Young, as they relate to the allegations in the Lawsuit, were not accidental in nature and do not constitute an occurrence as defined in the Policy.

18. The bodily injuries and/or property damage allegedly suffered by the Tort Plaintiff was intended by or was reasonably be expected to result from the intentional acts or omissions or criminal acts or omissions of Defendant Young.

19. The bodily injuries and/or property damage allegedly suffered by the Tort Plaintiff arose out of or in connection with a business engaged in by Defendant Young.

20. The bodily injuries and/or property damage allegedly suffered by the Tort Plaintiff arose out of sexual molestation, corporal punishment or physical or mental abuse by Defendant Young.

21. The bodily injuries and/or property damage allegedly suffered by the Tort Plaintiff by Defendant Young are not covered by the Policy.

22. The bodily injuries and/or property damage allegedly suffered by the Tort Plaintiff by Defendant Young are excluded by the Policy.

23. Upon information and belief, Tort Plaintiff is seeking in excess of $75,000.00 in damages from Defendant Young for the claims alleged in the Lawsuit.

24. Plaintiff has retained counsel to defend Defendant Young in the Lawsuit under a reservation of rights.

25. Pursuant to the terms of the Policy, Plaintiff is not obligated to defend Defendant Young in the Lawsuit.

26. Pursuant to the terms of the Policy, Plaintiff is not obligated to indemnify Defendant Young for any damages sought or obtained in the Lawsuit.

## **COUNT ONE - DECLARATORY JUDGMENT**

27. Plaintiff incorporates as if fully set forth herein the allegations contained within the above paragraphs.

28. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Plaintiff's obligation to defend Defendant Young in the Lawsuit.

29. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Plaintiff's obligation to indemnify Defendant Young for any damages sought or obtained in the Lawsuit.

30. A judicial determination and a declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Plaintiff has no adequate remedy at law which will resolve the current controversy.

31. For reasons set forth above, Plaintiff is entitled to a declaration from the Court that it is not obligated to defend Defendant Young in the Lawsuit.

32. For reasons set forth above, Plaintiff is entitled to a declaration from the Court that it is not obligated to indemnify Defendant Young for any damages sought or obtained in the Lawsuit.

WHEREFORE, Plaintiff prays for relief as follows:

1. For a declaration that Plaintiff is not obligated to defend Defendant Young in the Lawsuit;

2. For a declaration that Plaintiff is not obligated to indemnify Defendant Young for any damages sought or obtained in the Lawsuit;

3. For an award of attorneys' fees and costs pursuant to law;

4. For trial by jury as to all issues of fact; and

5. For such other and further relief as the Court may deem just and proper.

This the 3rd day of January, 2020.

/s/ Jeffrey B. Kuykendal
John P. Barringer (Bar # 16543)
Jeffrey B. Kuykendal (Bar # 37693)
McAngus, Goudelock & Courie, PLLC
P.O. Box 30307
Charlotte, NC 28230
john.barrigner@mgclaw.com
jeffrey.kuykendal@mgclaw.com
Counsel for Plaintiff